IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HARDIS L. BARNES | § | |
| v. | § | CIVIL ACTION NO. 6:07cv548 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Hardis Barnes, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Barnes pleaded guilty on October 10, 2005, to the offense of bail jumping, for which he initially received a sentence of 20 years in prison, running concurrently with a life sentence he is serving for a separate offense. He did not take a direct appeal, but filed a state habeas corpus petition on June 8, 2006, challenging the legality of the sentence which was assessed. This habeas corpus petition was granted on November 15, 2006; on January 12, 2007, the trial court found Barnes guilty of the third-degree offense of bail jumping and sentenced him to 10 years in prison.

Barnes again did not appeal, but filed a second state habeas corpus petition on July 2, 2007, challenging the conviction itself. This application was dismissed as successive by the Texas Court of Criminal Appeals. Barnes filed his federal habeas corpus petition on December 4, 2007.

Barnes' second petition argues that he is actually innocent of the offense of bail jumping because the bail bond contract was not complete within itself and did not contain all of the essential elements of the agreement; thus, he says, the conviction should be reversed because the bond which he was accused of jumping was not a binding and valid legal undertaking.

The Magistrate Judge ordered the Respondent to answer Barnes' petition, The Respondent did so, arguing that Barnes' claims are barred by the statute of limitations and have been procedurally defaulted. Barnes has filed a response to the answer contending that he is legally and factually innocent of the charges, which excuses the defaults.

After review of the pleadings, the Magistrate Judge issued a Report on September 24, 2008, recommending that the petition be dismissed. The Magistrate Judge concluded that Barnes' claims were barred by the statute of limitations, because the limitations period began to run at the time of his original conviction, not the re-sentencing. The Magistrate Judge noted that the Fifth Circuit has held that the Anti-Terrorism and Effective Death Penalty Act, which codified the statute of limitations applicable to habeas corpus petitions, provides for only a linear limitations period, starting and ending on specific dates, with only the possibility that tolling will expand the period in between. In other words, the limitations period cannot be terminated by collateral state action, but can only be tolled during the pendency of state collateral review. Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir. 2004).

In this case, the Magistrate Judge computed the limitations period from the time that Barnes' time to appeal his initial conviction expired. The Respondent argued that Barnes' first state habeas petition, which challenged only the *sentence*, did not toll the limitations period as it applies to the claims in his federal petition, which challenge the validity of the conviction itself. The Magistrate Judge determined that this argument was correct. *See* Bachman v. Bagley, 487 F.3d 979, 982-83 (6th Cir.2007) (limitations period on habeas petition which challenges re-sentencing begins to run upon date of re-sentencing, but this holding is limited only to petitions challenging the

re-sentencing decision itself); *accord*, <u>Hepburn v. Moore</u>, 215 F.3d 1208, 1209 (11th Cir. 2000) (same).

Even if Barnes' first state habeas petition did toll the limitations period, however, the Magistrate Judge concluded that Barnes' federal petition was still barred. This first petition stopped the limitations period after 211 days had elapsed, leaving 154 days remaining. Barnes was re-sentenced on January 12, 2007, and did not appeal, and so the Magistrate Judge stated that the limitations period began to run again on February 12, 2007, after his time to appeal had expired. This would set the expiration date at Monday, July 16, 2007.

The Magistrate Judge noted that Barnes' second state petition was filed on July 2, 2007, after 140 days of the limitations period had elapsed, leaving 14 days remaining in the limitations period. Barnes' second state petition was denied by the Texas Court of Criminal Appeals on October 10, 2007, giving Barnes until October 25 in which to seek state habeas corpus review; however, Barnes did not file his federal petition until December 4, 2007, over a month later, and so the Magistrate Judge concluded that the petition is barred by the statute of limitations.

Barnes filed objections to the Magistrate Judge's Report on November 19, 2008. In these objections, he argues that his re-sentencing in January of 2007 re-started the limitations clock and so it began to run anew from that time. As noted above, however, the Fifth Circuit has held that the statute of limitations is a linear period and that state collateral action, such as the granting of the state habeas petition, does not re-start the clock, but merely tolls the limitations period during the pendency of state collateral review. Barnes' objections are contrary to this Fifth Circuit authority and thus lack merit.

In addition, it is clear from the record that Barnes has failed to exhaust his state remedies and so his claims are procedurally barred. His first state habeas petition challenged only the sentence, and did not raise any of the claims now before the Court; when he filed his state petition raising the claims which appear in the present petition, the Texas Court of Criminal Appeals

dismissed the petition as successive, in that he could have raised those claims in his first petition but failed to do so.

A state prisoner must exhaust all available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. 2254(b) & (c); *see* Satterwhite v. Lynaugh, 886 F.2d 90, 92 (5th Cir. 1989). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. Picard v. Connor, 404 U.S. 270 (1981). In this case, Barnes did not "fairly present" his claims to the Court of Criminal Appeals because he presented them in a successive petition, which was dismissed as such by that Court.

If a petitioner fails to exhaust state remedies, but the court to which the petitioner would be required to meet the exhaustion requirement would now find the claims procedurally barred, there has been a procedural default for purposes of federal habeas corpus relief. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995), *citing* Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Here, it is clear that the Court of Criminal Appeals would find the claims procedurally barred, inasmuch as it has already done so. Consequently, the claims which Barnes presents in this petition have been procedurally barred.

Barnes argues that he is "actually innocent" of the offense of bail jumping, which he says excuses the default. The Fifth Circuit has stated that to establish the requisite probability that he is actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001). Barnes' allegations are not sufficient to meet this standard, and thus do not excuse the procedural default. His claim for habeas corpus relief is barred by the statute of limitations and has been procedurally defaulted.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Hardis Barnes is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 4th day of December, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**